[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on motions after a trial conducted by an attorney trial referee. The plaintiffs have opposed the entry of judgment incorporating the recommendations and findings of the attorney trial referee. The defendants take the position that the plaintiffs' objections have been waived because the plaintiffs a) did not file specific grounds for their objection to the entry of judgment and b) did not file any objection in a timely fashion.
The court finds that the attorney trial referee filed his report, titled "Memorandum of Decision" with the court on March 29, 1996. The plaintiffs filed a motion to correct the report on April 23, 1996. The court finds the while the attorney trial referee issued a corrected report, the plaintiffs' counsel did not immediately receive a copy of it and was unaware of the ruling until December 14, 1996. Because no opposition to the entry of judgment on the basis of the report had been filed within two weeks of the ruling on the motion to correct, this court reviewed the report and entered judgment. After the plaintiffs raised their claim that they had not received notice CT Page 448-G of the ruling on the motion to correct, the court vacated that judgment and scheduled a hearing to determine whether the plaintiffs had received notice of the ruling on the motion to correct and "whether the plaintiffs' objection to the referee's report was timely and sufficient pursuant to § 441 P.B."
P.B. § 441 provides that objections to the acceptance of a report by an attorney trial referee shall be filed within two weeks from the filing of the decision on the motion to correct.
P.B. § 440 provides that the objections filed must identify actual grounds for the court not to accept the report:
 A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in ruling on evidence or other rulings or that there are other reasons why the report should not be accepted.
 If no objection raises an issue of fact the determination of which may require the consideration of matters not appearing in the report or stenographic notes of proceedings before the committee, the adverse party shall, within two weeks after the filing of the objection, file a statement raising such issue. CT Page 448-H
After they belatedly received the ruling on the motion to correct, the plaintiffs did not file objections to the report in conformity with P.B. §§ 440 and 441. They had two weeks after December 14, 1996 to file such objection. All that they have filed since December 14, 1996 is a pleading titled Motion for Reargument, filed on December 16, 1996, requesting "that the Court allow argument on the Findings and Recommendations of the Attorney Trial Referee." That motion does not identify in any way the substance of any objection to the report. The plaintiffs imply that they could not file objections because a judgment had entered. That judgment was vacated on December 20, 1996. By the order dated December 20, 1996 the undersigned both vacated the prior judgment and scheduled a hearing on the issue of notice of the plaintiffs' receipt of the ruling on the motion to correct. At no time between the entry of that order and the date of the hearing, January 27, 1997, did the plaintiffs file objections stating the substance of the reasons they claim that the report of the attorney trial referee should not be adopted.
Read together, P.B. §§ 440 and 441 require that a party who objects to a report state objections with reasons for those objections within two weeks of issuance of a ruling on a motion to correct. The time limitation has the obvious function of limiting the delay in achieving finality after trial to an CT Page 448-I attorney trial referee. The requirement that the grounds of objections be stated serves to give notice to the opponent of the substantive basis for the opposition so that it can be addressed.
The plaintiffs have proceeded as if the only requirement is to state that an objection exists, not to identify its basis. In their only filing within two weeks of their actual receipt of the ruling on the motion to correct, they do not state any grounds but propose leaving their adversaries in the dark until the very moment of oral argument.
The rules for the hearing of motions have been revised, and P.B. § 211 does not even provide for oral argument as of right for motions addressed to reports of attorney trial referees, such that these motions are to be decided without oral argument unless the court elects to hear argument pursuant to P.B. § 211(B). The plaintiffs' position that they could wait until oral argument to state the grounds of their objections therefore rests on an unsupported hope that oral argument will be granted, and on the further assumption that the rules should be read to allow a party to give no advance notice to either the court or the opponent as to the substance of the objection.
Neither the text of the applicable rules nor the goals of prompt, efficient, fair adjudication support any such CT Page 448-J interpretation of the rules and procedures for the attorney trial referee program. Accordingly, this court finds that the plaintiffs failed to file a proper objection to the report of the attorney trial referee within two weeks of either their actual receipt of the ruling on the motion to correct or the scheduling order vacating the judgment. While the plaintiffs complain that they have had difficulty locating the court file, that file was not necessary to determine the requirements of P.B. §§ 440 and 441.
Having found that the plaintiffs did not file proper and timely objections to the report, and having reviewed the report, the court finds that judgment should and hereby is ordered to enter in favor of the plaintiffs against the defendants in the amount of $3494.30 plus taxable costs including $500.00 as a fee for expert testimony. As to the third party complaint, a default having entered, judgment shall enter in favor of Lawrence Musso and Faye Musso against William Albert in the amount of $3494.30 plus costs.
Beverly J. Hodgson Judge of the Superior Court CT Page 448-K